IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-252-BR

| | |
|---|---|
| RODERICO RODRIGUEZ RAMIREZ, Individually and as Father and Natural Guardian of J.L.R.P., minor, )<br><br>Plaintiffs, )<br><br>v. )<br><br>HILLARY CLINTON, Secretary of State, *et al.*, )<br><br>Defendants. ) | **ORDER** |

This cause comes before the Court upon Defendants' motion to stay discovery and related pretrial planning. (DE-21). Plaintiffs have not responded to this motion and the time for doing so has expired. Accordingly, the matter is now ripe for adjudication.

In this motion, Defendants request that all discovery be stayed during the pendency of their motion to dismiss. (DE-17). Rule 26(c) of the Federal Rules of Civil Procedure authorizes a court to issue orders limiting or staying discovery. Specifically:

> A court may properly exercise its discretion under Rule 26(c) to stay discovery pending resolution of dispositive motions. Tilley v. United States, 270 F, Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd*, 85 Fed. Appx. 333 (4th Cir. 15 Jan. 2004), *cert denied*, 543 U.S. 819 (2004). Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motions. *See id.* at 735; Simpson v. Specialty Retail Concepts, Inc., 121 F.R.D. 261, 263 (M.D.N.C. 1998). Conversely, discovery ordinarily should not be stayed when it is necessary to gather facts in defense of the motion. Tilley, 270 F. Supp. 2d at 734; Simpson, 121 F.R.D. at 263.

Yongo v. Nationwide Affinity Ins. Co. of America, 2008 WL 516744 (E.D.N.C.

2008), at *2 (footnote omitted).

Moreover, a stay of discovery "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." U.S. v. A.T. Massey Coal Co., 2007 WL 3051449 (S.D.W.Va. 2007)(*quoting*, Coastal States Gas Corp. v. Department of Energy, 84 F.R.D. 278, 282 (D.C. Del. 1979)).

Defendants allege in their motion to dismiss that, *inter alia*, this Court lacks jurisdiction "because the Doctrine of Consular Nonreviewability bars judicial review" of the issues raised by Plaintiffs. (DE-21, pg. 2). As previously noted, Plaintiff has lodged no objection to a discovery stay. For these reasons, the undersigned finds that Defendant has demonstrated good cause for its request, and therefore the instant motion (DE-21) is GRANTED. All discovery is stayed until Defendants' motion to dismiss (DE-17) is ruled upon. Defendants are not required to provide Plaintiffs with the Certified Administrative Record at this time. If Defendants' motion to dismiss is denied, the parties shall, within 10 days thereafter, confer regarding a discovery plan and file a proposed discovery plan and exchange mandatory initial disclosures both within 14 days after said conference.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Friday, September 07, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE