UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-252-BR

| | |
|---|---|
| RODERICO RODRIGUEZ RAMIREZ, ) <br> Individually and as Father and Natural ) <br> Guardian of J.L.R.P., minor, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HILLARY RODHAM CLINTON, ) <br> Secretary of State, U.S. Department of ) <br> State; JANET NAPOLITANO, Secretary, ) <br> U.S. Department of Homeland Security; ) <br> DONALD NEUFELD, Associate Director, ) <br> U.S.C.I.S. Service Center Operations ) <br> Directorate, ) <br> ) <br> Defendants. ) | ORDER |

This matter is before the court on the 11 July 2012 motion to dismiss (DE # 17) filed by defendants Hillary Rodham Clinton, Janet Napolitano, and Donald Neufeld ("defendants"). The period to respond and reply to this motion has elapsed, and the matter is now ripe for disposition.

## I. BACKGROUND

Plaintiff Roderico Rodriguez Ramirez ("Ramirez") is a lawful permanent resident of the United States. (Compl., DE # 1, ¶¶ 4, 16.) In 1994, Ramirez's son, identified in the complaint as "J.L.R.P.," was born outside of the United States. (Id. ¶¶ 6, 10.) In 1997, J.L.R.P. entered the United States without lawful admission and resided here until 1999. (Id.) In 2003, J.L.R.P. reentered the United States without lawful admission and resided here until 2011. (Id.)

On dates not specified in the complaint, Ramirez filed a Petition for Alien Relative on behalf of J.L.R.P., and the United States Citizenship and Immigration Services ("USCIS")

approved the petition. (Id. ¶¶ 3, 6.) On 26 October 2011, having voluntarily departed the United States, J.L.R.P. attended an immigrant visa interview in Guatemala. (Id. ¶¶ 3, 6, 10.) Based on information that J.L.R.P. provided during the interview, Consular Officer "N.C." denied J.L.R.P.'s visa application under section 212(a)(9)(C) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1182(a)(9)(C),[1] for having reentered the United States without inspection after a previous period of unlawful presence of more than one year. (Compl., Ex. 1, DE # 1-1; Defs.' Mot. Dismiss, Ex. 1, DE # 17-2.) The consular officer stated that J.L.R.P. was eligible to apply for a waiver in 2021. (Id.) J.L.R.P. was seventeen years old at the time of his visa interview. (Compl., DE # 1, ¶ 10; Pls.' Mem. Opp'n Mot. Dismiss, DE # 19, at 4.)

On 3 May 2012, Ramirez and J.L.R.P. ("plaintiffs") filed this action for declaratory relief and for "a writ of mandamus compelling the State Department to schedule a new visa interview . . . [and] issue an immigrant visa" to J.L.R.P. (Compl., DE # 1, ¶ 23(2)-(3).) Defendants filed a motion to dismiss on 11 July 2012. (DE # 17.) Plaintiffs filed a response on 31 July 2012, and defendants filed a reply on 8 August 2012. (DE ## 19, 20.) Defendants argue that plaintiffs' complaint should be dismissed for lack of subject matter jurisdiction, or alternatively, for failure to state a claim upon which relief can be granted.

---

[1] This statute provides in relevant part:

(C) Aliens unlawfully present after previous immigration violations
(i) In general
Any alien who –
    (I) has been unlawfully present in the United States for an aggregate period of more than 1 year, or
    (II) has been ordered removed under section 1225(b)(1) of this title, section 1229a of this title, or any other provision of law,
and who enters or attempts to reenter the United States without being admitted is inadmissible.

8 U.S.C. § 1182(a)(9)(C)(i).

2

## II. DISCUSSION

A. <u>Standard of Review</u>

    1. <u>Rule 12(b)(1) standard</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. <u>Jones v. Am. Postal Workers Union</u>, 192 F.3d 417, 422 (4th Cir. 1999). The plaintiff has the burden of proving that subject matter jurisdiction exists. <u>Richmond, Fredericksburg & Potomac R.R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." <u>Id.</u> The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." <u>Id.</u>

    2. <u>Rule 12(b)(6) standard</u>

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992). In order to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

3

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc., 591 F.3d 250, 255 (4th Cir. 2009). A court need not accept as true "'unwarranted inferences, unreasonable conclusions, or arguments.'" Id. (quoting Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009), cert. denied, 130 S. Ct. 1140 (2010)).

B.  Subject Matter Jurisdiction

Defendants maintain that this court lacks subject matter jurisdiction to review plaintiffs' claims. Under the doctrine of consular nonreviewability, courts have consistently held that a consular officer's decision to grant or deny a visa is not subject to judicial review. See, e.g., United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537, 543 (1950) (finding that "it is not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to exclude a given alien"); Onuchukwu v. Clinton, 408 F. App'x 558, 560 (3d Cir. 2010) (per curiam) (unpublished); Bustamante v. Mukasey, 531 F.3d 1059, 1060-61 (9th Cir. 2008); Saavedra Bruno v. Albright, 197 F.3d 1153, 1159-60 (D.C. Cir. 1999); Adams v. Baker, 909 F.2d 643, 649 (1st Cir. 1990); Centeno v. Shultz, 817 F.2d 1212, 1213-14 (5th Cir. 1987) (per curiam); Schutz v. Sec'y, Dep't of State, No. 6:11-cv-1296-Orl-31DAB, 2012 WL 275521, at *1 (M.D. Fla. Jan. 31, 2012); Romero v. Consulate of U.S., Barranquilla, Colombia, 860 F. Supp. 319, 322, 324 (E.D. Va. 1994). "Importantly, the doctrine of nonreviewability of consular officers' visa determinations is essentially without exception."

Romero, 860 F. Supp. at 322. Were it to be otherwise, "federal courts would be inundated with claims of disappointed and disgruntled off-shore aliens seeking review of consular officers' denials of their requests for . . . visas." Id. at 324. Thus, the consular officer's decision to deny J.L.R.P.'s visa application is beyond the purview of this court.

Nevertheless, plaintiffs argue that the doctrine of consular nonreviewability is inapplicable to this case because they are not seeking a reversal of the consular officer's decision. (See Pls.' Mem. Opp'n Mot. Dismiss, DE # 19, at 3.) However, the language of plaintiffs' complaint, which clearly seeks a judgment ordering defendants to schedule a new visa interview and issue an immigrant visa to J.L.R.P., belies this argument. (Compl., DE # 1, ¶ 23(2)-(3).)

Nor can plaintiffs rescue their claims from the doctrine of consular nonreviewability by citing the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq. "The APA provides no implied grant of subject matter jurisdiction to review consular decisions." Romero, 860 F. Supp. at 324; see also Wan Shih Hsieh v. Kiley, 569 F.2d 1179, 1182 (2d Cir. 1978). Plaintiffs also invoke the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., as a jurisdictional basis for this action. However, the Declaratory Judgment Act "is remedial, not jurisdictional." Wan Shih Hsieh, 569 F.2d at 1181; see also Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) (holding that the Declaratory Judgment Act "enlarged the range of remedies available in the federal courts but did not extend their jurisdiction"); Onuchukwu, 408 F. App'x at 560 ("Although Congress could provide an avenue through which courts could review consular decisions on visas, . . . jurisdiction is not available through the statutes, such as the Declaratory Judgment Act or the [APA] . . . .").

5

Plaintiffs further identify 28 U.S.C. § 1361 as a jurisdictional basis for their lawsuit. This statute authorizes district courts to assume jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is a drastic remedy to be used only in extraordinary situations. Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). It may be sought where the petitioner shows a clear right to requested relief, the respondent has a clear duty to comply, and there is no other adequate remedy. First Fed. Sav. & Loan Ass'n v. Baker, 860 F.2d 135, 138 (4th Cir. 1988). A party seeking mandamus has the "burden of showing that its right to issuance of the writ is clear and indisputable." Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953) (citation and internal quotation marks omitted). In this case, plaintiffs have failed to meet their heavy burden of proof as they have offered no substantive arguments in support of their position.

Finally, plaintiffs argue that the doctrine of consular nonreviewability is not applicable to this case because they have raised constitutional due process and equal protection claims. The court notes that although the Fourth Circuit Court of Appeals has not addressed this issue, several other circuit courts have held that a limited exception to the doctrine of consular nonreviewability exists where a United States citizen asserts that a visa decision violates a constitutionally protected right. See Am. Acad. of Religion v. Napolitano, 573 F.3d 115, 125 (2d Cir. 2009); Bustamante, 531 F.3d at 1061-62; Adams, 909 F.2d at 647. Here, although Ramirez is not an American citizen, he is a permanent resident and possesses many of the same constitutional rights as a citizen. See, e.g., Hellenic Lines Ltd. v. Rhoditis, 398 U.S. 306, 309 (1970); Rodriguez-Silva v. INS, 242 F.3d 243, 247 (5th Cir. 2001). Nevertheless, he is not

entitled to review of his claims because he has not identified a protected constitutional right.  In this case, the allegations detailed in the complaint relate solely to alleged violations of J.L.R.P.'s constitutional rights to due process and equal protection (see Compl., DE # 1, ¶¶ 7, 12, 15, 21), and Ramirez has failed to specify that any of his own constitutional rights were violated as a result of the actions taken against J.L.R.P.

J.L.R.P. is also not entitled to a limited review of his constitutional claims.  He is neither a United States citizen nor a permanent resident; rather, he is a non-admitted, not-physically present alien.[2]  Thus, even assuming *arguendo* that the Fourth Circuit Court of Appeals would recognize the narrow exception to the doctrine of consular nonreviewability described above, the court would not have subject matter jurisdiction to review the constitutional claims raised in this case.  As a result, plaintiffs' complaint fails to state a jurisdictional basis for this action.

C.      Failure to State a Claim

As explained in the preceding section, the court lacks subject matter jurisdiction to adjudicate plaintiffs' claims.  However, even if plaintiffs' constitutional rights were implicated by the denial of J.L.R.P.'s visa application and thus warranted judicial review, the complaint would still have to be dismissed pursuant to Federal Rule of Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[2] Moreover, J.L.R.P. has failed to identify a constitutionally protected right.  While the court does not find it necessary to exhaustively analyze all of the arguments raised with respect to this issue, the court notes that J.L.R.P. does not have a constitutional right to a visa.  See Am. Acad. of Religion, 573 F.3d at 117.  He also "point[s] to no authority to suggest that the Constitution provides [him] with a fundamental right to reside in the United States simply because other members of [his] family are . . . lawful permanent residents." De Mercado v. Mukasey, 566 F.3d 810, 816 n.5 (9th Cir. 2009).  J.L.R.P.'s reliance on Plyler v. Doe, 457 U.S. 202 (1982), as a basis for his equal protection claim is also unavailing.  (See Compl., DE # 1, ¶¶ 7, 12, 13, 22.)  "Plyler dealt with state legislation.  It did not even arguably suggest tha[t] any heightened level of scrutiny would govern the analysis of acts of Congress . . . ." Abreu v. Callahan, 971 F. Supp. 799, 813 (S.D.N.Y. 1997); see also Rodriguez-Silva, 242 F.3d at 247 ("[T]he federal government can enact legislation that would be invalid under the Fourteenth Amendment if enacted by a State, particularly if the legislation relate[s] to immigration.").

7

Case 5:12-cv-00252-BR   Document 24   Filed 01/22/13   Page 7 of 11

Because "Congress has delegated conditional exercise" of its "plenary . . . power to make policies and rules for exclusion of aliens" to the executive branch, the United States Supreme Court has held that judicial review of consular decisions to deny visa applications is significantly circumscribed. Kleindienst v. Mandel, 408 U.S. 753, 770 (1972). Specifically, such consular decisions need only be based on "a facially legitimate and bona fide reason." Id.; see also Bustamante, 531 F.3d at 1062 (affirming visa denial because reasoning was both facially legitimate and bona fide under Mandel inquiry). Where such a reason is presented, courts will not "look behind the exercise of that discretion . . . ." Mandel, 408 U.S. at 770.

In this case, J.L.R.P. was denied a visa because the consular officer determined that he was unable to receive one under 8 U.S.C. § 1182(a)(9)(C). (Compl., DE # 1, ¶¶ 6, 8 & Ex. 1, DE # 1-1; Defs.' Mot. Dismiss, Ex. 1, DE # 17-2.) Section 1182(a)(9)(C) is comprised of grounds for inadmissibility on the basis of the applicant's unlawful presence in the United States after previous immigration violations. Here, plaintiffs admit that J.L.R.P. truthfully informed the consular officer that he entered the United States without lawful admission in 1997 and again in 2003. (Compl., DE # 1, ¶¶ 6, 10; Pls.' Mem. Opp'n Mot. Dismiss, DE # 19, at 4.) As a result, the statutory provision cited by the consular officer provides a facially legitimate reason for the denial of J.L.R.P.'s visa application. See Am. Acad. of Religion, 573 F.3d at 126 ("[T]he identification of both a properly construed statute that provides a ground of exclusion and the consular officer's assurance that he or she knows or has reason to believe that the visa applicant has done something fitting within the proscribed category constitutes a facially legitimate reason." (citation and internal quotation marks omitted)); Bustamante, 531 F.3d at 1062 ("statutory basis for inadmissibility" is "a facially legitimate reason"); Din v. Clinton, No. C 10-

8

0533 MHP, 2010 WL 2560492, at *3 (N.D. Cal. June 22, 2010) (same).

A facially legitimate statutory justification also qualifies as a bona fide reason for the denial of a visa application unless a plaintiff raises an "allegation of bad faith sufficient to withstand dismissal." Bustamante, 531 F.3d at 1062; see also Din, 2010 WL 2560492, at *4 ("valid statutory basis also qualifies as a bona fide reason for denial" absent "a well-supported allegation of bad faith"). Plaintiffs, however, have failed to present such an allegation. The complaint lacks facts that would in any way suggest that the consular officer acted in bad faith.

Plaintiffs appear to argue that they are entitled to survive the limited Mandel review because the consular officer's decision to deny J.L.R.P.'s visa application was allegedly based on a May 2009 interoffice memorandum issued by USCIS entitled "Consolidation of Guidance Concerning Unlawful Presence for Purposes of Sections 212(a)(9)(B)(i) and 212(a)(9)(C)(i)(I) of the Act." (See, e.g., Compl., DE # 1, ¶¶ 1, 6, 9 & Ex. 2, DE # 1-2; Pls.' Mem. Opp'n Mot. Dismiss, DE # 19, at 4-5; 7-8.)[3] Plaintiffs maintain that the memorandum is, in part, unconstitutional, because it denies J.L.R.P. the benefit of 8 U.S.C. § 1182(a)(9)(B)(iii)(I), which excludes time spent by a minor in the United States from the calculation of a period of unlawful presence.

However, "[t]he plain language of [the exception set forth in] § 1182(a)(9)(B)(iii)(I) limits its application to § 1182(a)(9)(B)(i)." Rodriguez v. Mukasey, 298 F. App'x 306, 306 (5th Cir. 2008) (per curiam) (unpublished). In this case, J.L.R.P. was deemed inadmissible under a

---

[3] Plaintiffs purport to have attached the relevant portion of the USCIS May 2009 memorandum to their complaint as Exhibit 2. (DE # 1-2.) While this exhibit does contain excerpts from the memorandum, it does not contain the alleged unconstitutional language complained about by plaintiffs. However, defendants do not dispute that the May 2009 memorandum contains the language at issue. Furthermore, the court obtained a copy of this document on USCIS's website at http://www.uscis.gov, and the language in dispute is in fact found in the memorandum at pages twenty-eight and twenty-nine.

9

different provision, § 1182(a)(9)(C). As the court explained in Rodriguez:

> [Section] 1182(a)(9)(C) has its own exception and waiver provisions, which do not include any exception for minors. See § 1182(a)(9)(C)(ii) & (iii). The inclusion of some waivers implies the exclusion of others. See Thompson v. Goetzmann, 337 F.3d 489, 499 (5th Cir. 2003).
>
> In addition, the Ninth Circuit has held that, although "unlawful presence" has the same general meaning in subsections (a)(9)(B) and (a)(9)(C), there is no presumption "that the waiver provisions are also incorporated, particularly where they are contained in separate provisions and not within the definition itself." Acosta v. Gonzales, 439 F.3d 550, 557 (9th Cir. 2006) (holding that "hardship" waiver of § 1182(a)(9)(B) was not incorporated into § 1182(a)(9)(C)).[4]

Id. at 307. Accordingly, J.L.R.P. is not entitled to receive the exception for minors set forth in § 1182(a)(9)(B)(iii)(I).[5] Furthermore, the portion of the USCIS memorandum at issue is solidly in line with the clear language of the relevant statutory provisions. As a result, the court concludes that the consulate's explanation for the denial of J.L.R.P.'s visa application is both facially legitimate and bona fide, and its denial of the application would thus survive the court's scrutiny even if plaintiffs had established reviewability.[6] Although the court has sympathy for plaintiffs' situation, insofar as it is always troubling when the impact of our immigration laws is to scatter a family, plaintiffs' complaint must be dismissed for failure to state a claim upon which relief can

---

[4] The court notes that Acosta was recently overruled on other grounds by Garfias-Rodriguez v. Holder, — F.3d —, No. 09-72603, 2012 WL 5077137 (9th Cir. Oct. 19, 2012).

[5] The court also observes that "the conduct proscribed by section 1182(a)(9)(C)(i) is both different from and more culpable than the conduct of a one-time illegal alien subject to inadmissibility under 1182(a)(9)(B)(i) . . . ." Mortera-Cruz v. Gonzales, 409 F.3d 246, 255-56 (5th Cir. 2005); see also Castillo-Avalos v. Gonzales, 136 F. App'x 629, 630 n.4 (5th Cir. 2005) (per curiam) (unpublished) (Under 8 U.S.C. § 1182(a)(9)(C)(i), "Congress has rationally chosen to distinguish individuals who have effected multiple illegal entries into this country or who have accrued significant unlawful presence here from those who have entered illegally only a single time."). The variance in the exceptions created under subsections (a)(9)(B) and (a)(9)(C) demonstrates that Congress intended to treat different violations differently.

[6] Because plaintiffs' constitutional claims fail, their request for declaratory relief based on these claims must also fail. See CGM, LLC v. BellSouth Telecomms., Inc., 664 F.3d 46, 55-56 (4th Cir. 2011) ("[A] request for declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred." (citation and internal quotation marks omitted)).

be granted.

Finally, to the extent that the court has not expressly addressed any argument raised by plaintiffs in relation to subject matter jurisdiction or the sufficiency of their claims, the court has considered those arguments and found them to be without merit.

### III.  CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (DE # 17) is GRANTED.  The Clerk is DIRECTED to enter judgment in favor of defendants and close the case.

This 22 January 2013.

                            W. Earl Britt
                            Senior U.S. District Judge